Jin Sun Lee v Ayala (2019 NY Slip Op 02075)





Jin Sun Lee v Ayala


2019 NY Slip Op 02075


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-04280 
2017-06104
 (Index No. 60213/13)

[*1]Jin Sun Lee, appellant, et al., plaintiff,
v
Jorge Ayala, respondent.


Andrew Park, P.C., New York, NY (Jusun Yook of counsel), for appellant.
Richard T. Lau, Jericho, NY (Irene A. Schembri of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Jin Sun Lee appeals from (1) an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated March 23, 2017, and (2) a judgment of the same court entered April 14, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jin Sun Lee on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The judgment, insofar as appealed from, upon the order, is in favor of the defendant and against the plaintiff Jin Sun Lee dismissing the complaint insofar as asserted by her.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jin Sun Lee is denied, the complaint insofar as asserted by the plaintiff Jin Sun Lee is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Jin Sun Lee.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs commenced this action to recover damages for personal injuries that they each allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jin Sun Lee (hereinafter the appellant) on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. By order dated March 23, 2017, the Supreme Court granted the defendant's motion. A judgment was entered accordingly, dismissing the complaint insofar as asserted by the appellant.
The defendant met his prima facie burden of showing that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the appellant's right shoulder did not constitute a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the appellant raised a triable issue of fact as to whether she sustained a serious injury to her right shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the appellant.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court